## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Nov 10 2015, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Thomas P. Keller
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew Mason,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 10, 2015

Court of Appeals Case No.
71A05-1502-CR-71

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1406-FC-116

**Mathias, Judge.**

[1] Following a bench trial, Matthew Mason ("Mason") was convicted in St. Joseph Superior Court of Class C felony carrying a handgun without a license

within 1,000 feet of school property, Class A misdemeanor possession of marijuana, and Class B misdemeanor false informing. He was ordered to serve an aggregate three-year sentence in the Department of Correction. Mason now appeals and argues that the State failed to present sufficient evidence to support his conviction of Class C felony carrying a handgun without a license within 1,000 feet of school property.

[2] We affirm.

## Facts and Procedural History

[3] On the afternoon of June 3, 2014, South Bend Police Officers Nicholas Pogotis ("Officer Pogotis") and Anthony Dertz ("Officer Dertz) were dispatched separately to respond to a complaint regarding men with handguns. When Officer Pogotis arrived, he observed three to four males standing near a van, one being Mason. Officer Pogotis approached the men from the west side of the parking lot on foot, while Officer Dertz pulled up from the east side of the parking lot in his squad car. As Officer Pogotis walked toward the group, he noticed one of the men, later identified as Mason, crouch down and throw an item underneath the van. Officer Pogotis identified the object as a gun with white grips from about twelve feet away. He later learned that what appeared to be a grip was actually white medical tape.

[4] Mason was handcuffed and placed into Officer Dertz's police car. Mason then identified himself to the officers as Matthew Spears from Arkansas. After securing Mason, the officers retrieved and photographed a bag of marijuana,

CDs, a pack of cigarettes, and the silver handgun that Mason threw under the van. Tr. p. 41. When Officer Dertz returned to his vehicle to read Mason his Miranda rights, Mason admitted to lying about his name and stated that the marijuana belonged to him. Tr. p. 44.

[5] The State charged Mason with Class C felony carrying a handgun without a license within 1,000 feet of school property, Class A misdemeanor possession of marijuana, and Class B misdemeanor false informing. At trial, Mason stipulated that the location where the officers recovered the handgun was within 1,000 feet of school property. However, he claimed that the handgun did not belong to him. The trial court found Mason guilty of three charges and ordered him to serve an aggregate three-year sentence in the Department of Correction. Mason now appeals.

## Discussion and Decision

[6] Mason argues that the State failed to present sufficient evidence to support his conviction of Class C felony carrying a handgun without a license within 1,000 feet of school property. "Upon a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of witnesses, and respects the [trier of fact's] exclusive province to weigh conflicting evidence." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We consider only probative evidence and reasonable inferences supporting the verdict. *Id.* We must affirm if the probative evidence and reasonable inferences

drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

[7] To convict Mason of carrying a handgun without a license within 1,000 feet of school property, the State was required to prove that: "Mason did knowingly unlawfully carry a handgun on his person, while he was not in his dwelling, on his property, or fixed place of business, without a license and was within one thousand feet of a school." Tr. p. 28. *See* Ind. Code § 35-47-2-1(a) (2014); Ind. Code § 35-47-2-23(c) (2014).

[8] Carrying a handgun can be shown by either actual or constructive possession. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999). Actual possession occurs when a person has direct physical control over an item. Constructive possession occurs when somebody has the intent and capability to maintain dominion and control over the item. *Id.*

[9] At trial, Officer Pogotis testified that he observed Mason crouch down and throw a silver gun underneath the van. The gun was recovered shorty after Mason's arrest, along with a bag of marijuana and other items. Officer Pogotis's testimony supports a reasonable inference that Mason actually possessed the gun before abandoning it under the van.

[10] It was within the discretion of the trial court to weigh the officers' credibility against Mason's credibility. It is up to the fact-finder to determine the credibility of each witness, and here the trial court believed the testimony of Officer

Pogotis and Officer Dertz. We must respect this determination. *See McHenry*, 820 N.E.2d at 126.

[11] For all of these reasons, we conclude that the State presented sufficient evidence to support Mason's conviction. We therefore affirm his conviction for carrying a handgun without a license within 1,000 feet of school property.

[12] Affirmed.

Baker, J., and Bailey, J., concur.